**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4295**

UNITED STATES OF AMERICA,

          Plaintiff – Appellee,

    v.

JORGE ESPINOSA,

          Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  James C. Fox, Senior District Judge.  (4:15-cr-00068-F-5)

Submitted:  January 31, 2017      Decided:  February 10, 2017

Before WILKINSON, AGEE, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Robert L. Cooper, COOPER, DAVIS & COOPER, Fayetteville, North Carolina, for Appellant. John Stuart Bruce, United States Attorney, Jennifer P. May-Parker, First Assistant United States Attorney, Barbara D. Kocher, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jorge Espinosa appeals from his conviction after a jury trial for conspiracy to possess with the intent to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. § 846 (2012), and his resulting 188-month sentence. Espinosa argues that the district court erred in denying his motion for a mistrial and imposing a sentence that was greater than necessary. Finding no error, we affirm.

First, Espinosa assigns error to the district court's denial of his motion for a mistrial, which was predicated on the prosecutor's questioning of a law enforcement witness regarding Espinosa's post-arrest, post-Miranda[*] silence. We review the denial of a motion for a mistrial for an abuse of discretion. See United States v. Johnson, 587 F.3d 625, 631 (4th Cir. 2009); United States v. Wallace, 515 F.3d 327, 330 (4th Cir. 2008) ("We review . . . a district court's denial of a motion for a mistrial . . . for an abuse of discretion."). A district court abuses its discretion when "it has acted arbitrarily or irrationally[,] . . . has failed to consider judicially recognized factors constraining its exercise of discretion, or when it has relied on erroneous factual or legal premises."

---

[*] Miranda v. Arizona, 384 U.S. 436 (1966).

2

L.J. v. Wilbon, 633 F.3d 297, 304 (4th Cir. 2011) (alterations in original) (internal quotation marks omitted).

Prosecutorial comment on a defendant's invocation of rights pursuant to Miranda is forbidden. See Doyle v. Ohio, 426 U.S. 610, 618 (1976) (opining that "it would be fundamentally unfair and a deprivation of due process to allow the arrested person's silence to be used to impeach an explanation subsequently offered at trial"). Miranda assures a defendant that his silence or invocation of the right to counsel will not be used against him at trial; thus, the Supreme Court has explained, to allow the prosecution to comment at trial on the defendant's decision to exercise that right violates the "implicit assurance [afforded by Miranda] 'that silence will carry no penalty.'" Greer v. Miller, 483 U.S. 756, 762 (1987) (quoting Doyle, 426 U.S. at 618). In Greer, the Supreme Court articulated that the holding of Doyle, rather than prohibiting all reference to or mention of the defendant's silence, was "that the Due Process Clause bars the use for impeachment purposes of a defendant's postarrest silence." Greer, 483 U.S. at 763 (internal citation omitted). Thus, "[w]hile a single comment alone may sometimes constitute a Doyle violation, the Supreme Court's opinion in Greer makes clear that a single mention does not automatically suffice to violate a defendant's rights when the government does not specifically and expressly attempt to use—as was attempted

3

in Doyle and in Greer—the improper comment to impeach the defendant." United States v. Stubbs, 944 F.2d 828, 835 (11th Cir. 1991).

Such comments violate due process only if they "so infected the trial with unfairness as to make the resulting conviction a denial of due process." Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974). To obtain a new trial on this basis, Espinosa must show both "(1) that the government's remarks were in fact improper and (2) that the remarks prejudicially affected the defendant's substantial rights so as to deprive the defendant of a fair trial." United States v. Higgs, 353 F.3d 281, 330 (4th Cir. 2003) (citation and internal quotation marks omitted). In determining whether Espinosa has made the requisite showing of prejudice with respect to any particular comment, we must look to a number of factors, including: (1) the degree to which the prosecutor's remarks have a tendency to mislead the jury and to prejudice the accused; (2) whether the remarks were isolated or extensive; (3) absent the remarks, the strength of competent proof introduced to establish the guilt of the accused; and (4) whether the comments were deliberately placed before the jury to divert attention to extraneous matters. Id. Also relevant to this inquiry is "the issuance of curative instructions from the court," Humphries v. Ozmint, 397 F.3d 206,

4

218 (4th Cir. 2005) (en banc), which the jury is presumed to follow, Richardson v. Marsh, 481 U.S. 200, 206 (1987).

An attempted Doyle violation amounts to a claim of prosecutorial misconduct, which violates due process if it so egregious that it effectively denies the defendant a fair trial. Greer, 483 U.S. at 765. When reviewing such a claim, the reviewing court must evaluate the challenged remark "in context." Id. at 766 (internal quotation marks omitted).

Here, the testifying officer was asked what response Espinosa made after he was read his Miranda rights. The officer testified that Espinosa responded that he did not wish to speak with him. However, as the officer left the room he made a comment regarding Espinosa's father. To this comment, which was not presented as a question, the defendant made an incriminating statement, which was properly admitted: "if you let me speak to my dad, I'll tell you where the other kilos are." While Sergeant Weeks' testimony made reference to the Defendant's post-arrest silence, the Government was not using or attempting to use the fact of the Defendant's silence against him. Instead, the comment was "in the context of the officer[]'[s] narrative[] regarding [the defendant's] . . . arrest." Noland v. French, 134 F.3d 208, 216 (4th Cir. 1998). In addition, defense counsel recognized that there was no Doyle violation, and raised Espinosa's invocation of his right to

5

silence when cross-examining Weeks.  We conclude that the court did not abuse its considerable discretion in denying the motion for a mistrial.  See Noland, 134 F.3d at 216 (holding prosecutor's argument that related to voluntary statement after Miranda, rather than to silence itself, was not a Doyle violation).

Next, Espinosa contends that a sentence below the Sentencing Guidelines range would have been appropriate and afforded adequate deterrence to Espinosa's criminal conduct, particularly in light of his limited criminal history.  We review a sentence for reasonableness, applying an abuse of discretion standard.  Gall v. United States, 552 U.S. 38, 46 (2007).  We first review for significant procedural error, and if the sentence is free from such error, we then consider substantive reasonableness.  Id. at 51.  Espinosa contends that his sentence is substantively unreasonable.  Substantive reasonableness is determined by considering the totality of the circumstances, and if the sentence is within the properly-calculated Guidelines range, this court applies a presumption of reasonableness.  United States v. Strieper, 666 F.3d 288, 295 (4th Cir. 2012).

"Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable. Such a presumption can only be rebutted by showing that the

6

sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) [(2012)] factors." United States v. Louthian, 756 F.3d 295, 306 (4th Cir. 2014) (internal citation omitted). The district court considered that the offense involved Espinosa's participation in a conspiracy to distribute a large amount of cocaine. Espinosa delivered a kilogram of cocaine to a deal involving a confidential informant, possessed a firearm, and hid 16 kilograms of cocaine, worth approximately $400,000, the location of which he did not disclose. The court noted the defendant's age, his lack of prior criminal history, and the possibility Espinosa was motivated to protect his father, a coconspirator. The court determined that these circumstances were insufficient to mitigate the totality of the circumstances. The court recognized its obligation to impose a sentence sufficient but not greater than necessary to comply with sentencing purposes, and compared the sentencing ranges and factors of Espinosa's coconspirators, but given the highly addictive nature of cocaine and the violence associated with it, and that the court was troubled by Espinosa's failure to disclose the location of 16 kilograms of cocaine, the court concluded that a sentence of 188 months was necessary. Espinosa has not rebutted the presumption of reasonableness. Thus, the sentence was not an abuse of discretion.

7

Accordingly, we affirm the judgment. We deny Espinosa's motion to file a pro se supplemental brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED